UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20065-cr-PAS(s)

UNITED STATES OF AMERICA

v.

OSCAR MAURICIO HENAO TORO,

        Defendant,
_____/

MOTION FOR REDUCTION OF SENTENCE PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(b)

On May 30, 2008, a superseding indictment was returned by a federal grand jury in Miami, Florida, accusing Defendant Oscar Mauricio HENAO TORO (hereinafter "HENAO TORO") and others with a variety of violations of the federal narcotics laws. Superseding Indictment (DE 551). HENAO TORO was extradited from his native Colombia to face the charges in the superseding indictment and on July 14, 2010, pled guilty to one count of conspiring to import 5 or more kilograms of cocaine into the United States. Plea Agreement (DE 834). On November 8, 2010, this Court sentenced HENAO TORO to a term of imprisonment of 141 months, with credit for time served while awaiting extradition in Colombia. Judgment and Commitment Order (DE 908).

Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully moves for a twenty-percent (20%) reduction in the HENAO TORO's sentence in order to reflect his substantial assistance in the prosecution of other individuals. Specifically, HENAO TORO provided information against a significant drug trafficker who had already been indicted without HENAO TORO's assistance. However, HENAO TORO's information was ultimately turned

over to the indicted drug trafficker, and the government believes that the information was a factor in the other drug trafficker's decision to plead guilty. HENAO TORO provided this information about the other drug trafficker several years ago and within one year of his own sentencing, but the government's assessment of the usefulness of the cooperation did not become useful until a couple of months ago. See Fed.R.Crim.P. 35(b)(2) ("Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing").

A 20-percent reduction in HENAO TORO's sentence would result in a sentence of 113 months. The undersigned has communicated with Defendant's counsel, Robert Feitel, Esq., who has authorized the undersigned to represent that the Defendant does not oppose the motion to reduce the sentence but does plan on filing a response to the Motion.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  /s/   Adam S. Fels
ADAM S. FELS
Assistant United States Attorney
Court Identification No. A5501040
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9325, Fax: (305) 536-7213
Email: adam.fels@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and sent an electronic copy to Robert Feitel, HENAO TORO's attorney of record, at rf@rfeitellaw.com.

 s/ Adam S. Fels
ADAM S. FELS
ASSISTANT UNITED STATES ATTORNEY